### 5370.  Bunkley *v.* Central of Georgia Railway Co.

Russell, C. J.   No error of law is assigned, and the evidence did not demand a verdict for the plaintiff, especially since it was not made to appear that he did not know of the defects in the grounds surrounding the defendant's depot.  'It was the duty of the defendant to maintain the approaches to its depot in such condition as to secure the safety of its passengers; but the controlling question in this case was whether the plaintiff, even if he were unfamiliar with the defects in the yard of the defendant, might not, by the exercise of ordinary care, have avoided all injury to himself.   There are circumstances sufficient to support the finding in favor of the defendant upon this issue; and the jury's finding, having been approved by the trial judge, will not be disturbed.                          *Judgment affirmed.   Roan, J., absent.*
Decided September 1, 1914.

Action for damages; from city court of Sandersville—Judge Jordan.   October 14, 1913.

*Hardwick & Wright,* for plaintiff.

*Saffold & Jordan, J. J. Harris,* for defendant.

---

### 5441.  Bank of Oglethorpe *v.* Hicks.

Russell, C. J.   1. Except as ruled hereinafter, the special grounds of the amendment to the motion for a new trial require no discussion, and none of the assignments of error require the grant of a new trial.

2. Where there is a money verdict for the plaintiff in trover, a judgment granting a new trial only in case the prevailing party refuses to reduce the verdict in his favor, so that it shall conform to the evidence, is not necessarily such error as to demand a reversal, although a recovery in trover is, in a technical sense, an award of damages.   In the instant case some of the articles enumerated in the petition were not shown to have been in the possession of the defendant, and for that reason a finding in favor of the plaintiff for the value of these chattels was unauthorized.   The defendant, however, can not complain that his liability was reduced by the voluntary act of the plaintiff, since the evidence fully supported a finding in favor of the plaintiff for the value of the remainder of the articles involved in the action, and since it is axiomatic that the error which requires the grant of a new trial is an error accompanied or followed by injury to the complaining party.
                          *Judgment affirmed.   Roan, J., absent.*
Decided September 1, 1914.

Trover; from city court of Oglethorpe—Judge Greer.   December 2, 1913.

*J. J. Bull & Son,* for plaintiff in error.